

**FILED**
DEC 2 8 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE O. RODRIGUEZ,<br><br>Defendant. | Case No. A01-0038 CR (JWS)<br><br>ORDER DENYING MOTION<br>BASED UPON *BOOKER* & *BLAKELY* |

On December 12, 2005, Jose O. Rodriguez filed a motion to modify his August 24, 2001 sentence,[1] ostensibly under 18 U.S.C. §§ 3582 and 3742, alleging that his sentence is unconstitutional under the United States Supreme Court's holding in *United States v. Booker*,[2] which extended *Blakely v. Washington*,[3] to the federal sentencing guidelines.[4]

---

[1] *See* Docket No. 190 (August 24, 2001, judgment), and Docket No. 223 (July 30, 2002, dismissal of appeal by the Court of Appeals for the Ninth Circuit).

[2] *United States v. Booker*, 125 S.Ct. 738, 746 (2005).

[3] *Blakely v. Washington*, 124 S.Ct. 2531, 2536 (2004).

[4] *See* Docket Nos. 230, 231.

T:\Orders.05\2255\rodriguez deny.wpd

The defendant is apparently attempting to bring his motion based upon a new "watershed rule" of Constitutional law.[5] However, the Ninth Circuit has held that *Blakely* and *Booker* are not retroactive on collateral review.[6]

**IT IS HEREBY ORDERED that:**

1. Mr. Rodriguez's motion for modification of his sentence is DENIED; and

2. Mr. Rodriguez's motion for appointment of counsel and application to proceed without prepayment of fees, are DENIED as moot.

DATED this 28th day of December, 2005, at Anchorage, Alaska.

/s/ JOHN W. SEDWICK
United States District Judge

---

[5] *See Schriro v. Summerlin*, 124 S.Ct. 2519, 2524-26 (2004); *Ring v. Arizona*, 536 U.S. 584 (2002); *Saffle v. Parks*, 494 U.S. 484, 494-95 (1990); *Teague v. Lane*, 489, U.S. 288, 311 (1989).

[6] *See United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) ("*Booker* is not retroactive, and does not apply on collateral review where the conviction was final as of the date of *Booker's* publication"); *Schardt v. Payne*, 414 F.3d 1025, 1037 (9th Cir. 2005) (*Blakely* "does not apply retroactively to a conviction that was final before that decision was announced.").